Craig J. Mariam (SBN: 225280)
GORDON & REES LLP
633 W. 5th Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (877) 306-0043
Email: cmariam@gordonrees.com

Attorneys for defendant
Convergent Outsourcing, Inc.
*erroneously sued as* ER Solutions, Inc.

FILED

2012 MAR 27 PM 2:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

ED CV 12 00441 VAP SPx

| | |
|---|---|
| JEFF DIGBY, | CASE NO. |
| Plaintiff, | *Removed from the Superior Court of California, Riverside County* Case No. RIC 1201888 |
| vs. | |
| US BANKCORP, ELAN FINANCIAL SERVICES, ER SOLUTIONS, INC., CFS II, INC. AND DOES 1 THROUGH 20, inclusive, | **NOTICE OF REMOVAL OF CIVIL ACTION** [28 U.S.C. §§ 1331, 1441, and 1446] |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant Convergent Outsourcing, Inc. *erroneously sued as* ER Solutions, Inc., hereby removes to this Honorable Court the state-court action filed by plaintiff Jeff Digby, as more fully described below.

## STATEMENT OF JURISDICTION

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## FEDERAL QUESTION JURISDICTION

1.      Upon information and belief, this case was initially filed on or about February 6, 2012 in the Superior Court of California, County of Riverside, Case No. RIC 1201888 ("Complaint").

- 1 -

1     2.     This action is a civil action containing the interpretation of federal

2   statutes; specifically, the federal Fair Debt Collection Practices Act ("FDCPA"),

3   15 U.S.C. § 1692 et seq.  Complaint, pp. 1:25-2:5; 4:7-19; 12:1-20; 13:11-26.

4     3.     This Court has original jurisdiction under 28 U.S.C. § 1331 over

5   claims that require interpretation of the FDCPA because the statute at issue is the

6   law of the United States.  The FDCPA provides that "[a]n action to enforce any

7   liability [created by this subchapter or under this title] may be brought in any

8   appropriate United States district court, without regard to the amount in

9   controversy, or in any other court of competent jurisdiction."  15 U.S.C. §

10   1692k(d).

11     4.     This Court also has original jurisdiction because the "complaint

12   establishes either that federal law creates the cause of action or that the plaintiff's

13   right to relief necessarily depends on resolution of a substantial question of federal

14   law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1,

15   27-28 (1983); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*,

16   545 U.S. 308, 313 (2005) (holding a claim under state law can give rise to federal

17   question jurisdiction if it "appears from the [complaint] that the right to relief

18   depends upon the construction or application of [federal law].").  The claims set

19   forth in the instant complaint arise under laws of the United States because the

20   claims necessarily depend on the remedies available under 15 U.S.C. § 1692 et seq.

21     5.     Plaintiff invokes the remedies available under 15 U.S.C. § 1692 et

22   seq. throughout the complaint.  The "gravamen" of plaintiff's claims arise out of

23   defendants' alleged "abusive, deceptive, and unfair conduct" in collecting on a

24   debt plaintiff allegedly owes to defendant US Bancorp.  Complaint, p. 4:7-19.

25   Plaintiff specifically bases his causes of action for violation of California Civil

26   Code § 1788.17 on defendants' violation of federal law – namely, violation of 15

27   USC § 1692e.  Complaint, p. 12:1-20; 13:19-14:1.

28   / / /

6.     Plaintiff states the following: "Defendant [ER Solutions] violated 15 USC § 1692e(11) . . . . *California Civil Code Section* § 1788.17 requires that defendant comply with the provisions of 15 USC § 1692e."  Complaint, p. 13:22-14:1.  Plaintiff makes essentially the same claim in his cause of action for violation of California Civil Code § 1788.17 against defendants US Bancorp, Elan Financial Services and CFS II, Inc.  Complaint, p. 12:15-20.

## SUPPLEMENTAL JURISDICTION

7.     To the extent any state law claims are alleged, under 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over plaintiff's state law claims.  *See* 28 U.S.C. § 1367(a) (The court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Here, plaintiff's state law claims are based on the same alleged conduct that is the purported basis for the claims arising out of federal questions of law.

## BASIS FOR REMOVAL

8.     Defendant incorporates by reference paragraphs 1 through 7 of this document as if set forth fully herein.

9.     This action may be removed in its entirety pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

10.     On February 27, 2012, defendant Convergent Outsourcing, Inc. *erroneously sued as* ER Solutions, Inc. was served with a copy of the summons and complaint in this matter.  A true and correct copy of the summons and complaint are attached hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446(a), and are incorporated by reference.  Defendant filed an answer and affirmative defenses on March 27, 2011, a copy of which is attached hereto as Exhibit "B."

/ / /

11.     This notice is timely as it has been filed within thirty days of defendant being served with the summons and complaint.  28 U.S.C. § 1446(b).

12.     The Superior Court of California, County of Riverside is located within the Eastern Division of the Central District of California.  28 U.S.C. § 84(c)(1).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391.

13.     In accordance with 28 U.S.C. § 1446(d), defendant is serving plaintiff with a Notice to Plaintiff of Filing of Notice of Removal of Action.

14.     Pursuant to 28 U.S.C. § 1446(d), defendant is also filing in the Superior Court of California, County of Riverside, and will serve same upon plaintiff, a Notice to Superior Court of Filing of Removal of Action.

15.     Defendant is currently unaware of the contact information for any other defendant and therefore will seek unanimity to this removal within the required period.  *See Destfino v. Reiswig*, 630 F.3d 952, 956-957 (9th. Cir. 2011).

Respectfully submitted,

Dated:  March 27, 2012                    GORDON & REES LLP


By: _____
Craig J. Mariam (SBN:  225280)
Attorney for defendant
Convergent Outsourcing, Inc.
*erroneously sued as* ER Solutions, Inc.

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US BANCORP, ELAN FINANCIAL SERVICES, ER SOLUTIONS,
INC., CFS II, INC., AND DOES 1 THROUGH 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFF DIGBY



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 06 2012

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* RIC 1201888 |
|---|---|

Superior Court of California, County of Riverside
4050 Main St., Riverside, CA 925501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Donald A. Green, 5963 La Place Court, Suite 304, Carlsbad, CA 92008; Tel: (760) 431-5290

| DATE: FEB 06 2012<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ER Solutions, Inc.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Donald A. Green (SBN 225171)
   **LAW OFFICES OF DONALD A. GREEN, APLC**
2  5963 La Place Court
   Suite 304
3  Carlsbad, CA 92008
   (760) 431-5290 ♦ Facsimile (760) 431-5295
4
   Attorney for PLAINTIFF, JEFF DIGBY
5

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 06 2012

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF RIVERSIDE / RIVERSIDE (UNLIMITED CIVIL)**

10  JEFF DIGBY,                              Case No. **RIC  1 1201888**

11              Plaintiff,                    **COMPLAINT FOR:**

12        v.                                  1. **FRAUD AND DECEIT**
                                              2. **FALSE PROMISE**
13                                            3. **NEGLIGENT**
                                                 **MISRPRESENTATION**
14  US BANKCORP, ELAN FINANCIAL              4. **BREACH OF CONTRACT**
    SERVICES, ER SOLUTIONS, INC., CFS II, INC,  5. **BREACH OF IMPLIED COVENANT**
15  AND DOES 1 THROUGH 20, inclusive,           **OF GOOD FAITH AND FAIR**
                                                 **DEALING**
16              Defendants.                   6. **VIOLATION OF ROSENTHAL**
                                                 **FAIR DEBT COLLECTION**
17                                               **PRACTICES ACT ("RDCPA")**
                                                 *[CA. CIVIL CODE 1788.17]*
18                                            7. **DECLARATORY RELIEF**
                                              8. **INTENTIONAL INFLICTION OF**
19                                               **EMOTIONAL DISTRESS**

20                                            **JURY TRIAL DEMANDED**

21

22

23        Plaintiff, JEFF DIGBY, alleges as follows:

24                                 I.

25                          **INTRODUCTION**

26        1.  Plaintiff, JEFF DIGBY, (hereinafter "Plaintiff"), brings this lawsuit against US BANCORP

27  ("US BANK"), ELAN FINANCIAL SERVICES ("ELAN"), ER SOLUTIONS, INC. ("ERS"), and

28  CFS II, INC. ("CFS") (collectively, "Defendants"), for violations of state and federal law for its

unlawful and unfair debt collections practices in repeated violations of the *Rosenthal Fair Debt Collections Practices Act* ("RFDCPA"), fraud, negligent misrepresentation, and intentional infliction of emotional distress against defendants.

2.   Plaintiff seeks actual economic and non-economic damages, attorney fees, and cost, exemplary damages, injunctive relief, and declaratory relief.

## II.

## PARTIES

3.   Plaintiff JEFF DIGBY is an individual and resident of the state of California and of this herein County of Riverside.   Plaintiff is a "debtor" as that term is defined by *California Civil Code* section 1788.2(h)All allegations and claims as stated herein against these defendants occurred within the

4.   US BANK is a national banking association and a "debt collector" as that term is defined by *California Civil Code* section 1788.2 (c) and is a "person" as that term is defined by *California Civil Code* section 1788.2 (g).   Its principal place of business is in Minneapolis, MN, but it operates as a foreign corporation within this State and is registered as such with the California Secretary of State, entity C2061885.

5.   ELAN FINANCIAL SERVICES is an entity form unknown, with its headquarters in Pittsburgh, PA.   On information and belief, plaintiff alleges that ELAN is a debt services for co-defendant US BANK and a "debt collector" as that term is defined by *California Civil Code* section 1788.2 (c) and is a "person" as that term is defined by *California Civil Code* section 1788.2 (g).

6.   ER Solutions is a corporation with its principal place of business in Renton, WA.   It does business as a debt collector within this state and is a "debt collector" as that term is defined by *California Civil Code* section 1788.2 (c) and is a "person" as that term is defined by *California Civil Code* section 1788.2 (g).

7.   CFS II, Inc. is a California foreign corporation registered as such with the California Secretary of State, entity C331597.   CFS has its principal place of business in Tulsa, OK.   It does business as a debt collector within this state and is a "debt collector" as that term is defined by

*California Civil Code* section 1788.2 (c) and is a "person" as that term is defined by *California Civil Code* section 1788.2 (g).

8. DOES 1 through 20, inclusive, are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff's claims alleged in this complaint were proximately caused by such defendants.

9. Plaintiff is informed and believes and on that basis alleges that each named defendant, including DOES 1 through 20, was the agent, servant, employee, or partner of each other defendant, and that each defendant was acting within the course and scope of such agency, employment, partnership, or other business relationship and with the consent or the ratification of each other in doing the things alleged herein.

### III.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under *California Code of Civil Procedure* 410.10 *et seq.*

11. All of the actions and/or omissions of defendants, as hereinafter alleged and giving rise to this lawsuit, occurred, and/or the contract was to be performed, within this judicial district. Therefore, this is the proper court for trial in this action.

### IV.

### JUDICIAL FINDINGS AND PURPOSE

12. The California Legislature made the following findings and purpose in creating the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"):

(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness. and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

13. On September 3, 1999, "urgency legislation" was passed adding *California Code of Civil Procedure* section 1788.17 to the RFDCPA which incorporated nearly all of the provisions of the *Federal Fair Debt Collection Practices Act* ("FDCP A").

14. The United States Congress has made the following findings and declarations of purpose under the FDCPA:

(a) *Abusive practices.* There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) *Inadequacy of laws.* Existing laws and procedures for redressing these injuries and inadequate to protect consumers.

(e) *Purposes.* It is the purpose of this title [15 U.S.C. §§ 1692 *et seq.*] to eliminate abusive debt collection practices by debt collectors. to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

15. The gravamen of this complaint is that defendants violated state and federal laws which were specifically enacted to protect plaintiff from abusive, deceptive, and unfair conduct by defendant. Plaintiff further contends that defendants acted fraudulently and breached their agreement with plaintiff as a result, generally, of the following: Defendant ELAN either owned or was servicer for the initial debt allegedly owed by plaintiff to US Bank. Plaintiff entered an agreement with defendant US Bank, by and through their respective agents, ELAN and ER Solutions, Inc., on February 15, 2011, for satisfaction of a disputed debt. Plaintiff satisfied all his duties under the contract and US BANK and ER SOLUTIONS, INC. knew that plaintiff satisfied all the terms of the agreement. Despite this, US BANK and/or ER Solutions, Inc. then sold or retained CFS II to collect on the same obligation.

/ / /

/ / /

## V.

## RELEVANT FACTS

16. Plaintiff incurred a "debt" with US BANKCORP as that term is defined by *California Civil Code* § 1788.2(d) and 15 U.S.C. § 1692a(5).

17. JEFF DIGBY disputed the amount of charges on his account and retained counsel to represent him in disputing the validity of the debt on July 2, 2010. Specifically, counsel was retained to stop all future communications and harassment from creditors using the RFDCPA and FDCPA, and to ensure that creditors complied with the *Fair Credit Reporting Act* (FCRA).

18. At the time plaintiff retained counsel, the alleged amount of debt US BANK claimed was owed on this account was $8,701.00.

19. Initially, PHILLIPS & COHEN ASSOCIATES, LTD attempted collection efforts on plaintiff's account on behalf of US BANK. PHILLIPS & COHEN ASSOCIATES, LTD is not a law firm. US BANK, through its agent, knew or should have known that plaintiff was represented by counsel since "Ashley" from PHILLIPS & COHEN ASSOCIATES, LTD spoke with plaintiff's counsel's office on August 6, 2010 and a month later on September 1, 2010. Plaintiff's counsel was unable to negotiate a resolution of the disputed debt with PHILLIPS & COHEN.

20. At some point shortly thereafter, US BANKCORP either sold or retained, employed, or engaged ERS SOLUTIONS, INC. to attempt to collect on the alleged debt. Plaintiff's counsel first received a copy of the collection letter sent to plaintiff on November 15, 2010. In this letter, ER Solutions, Inc. represented that they were the representative of "ELAN." ER Solutions, by and through their letter, represented that "ELAN" was the assignee of the US Bank account. The account number referenced in that letter was the same number of plaintiff's US Bank account. A true and correct copy of that letter is attached hereto as *Exhibit A*.

21. Plaintiff's counsel left a message for ERS on November 17, 2010 and discussed this account with representatives from ER Solutions, Inc. on January 25, 2011, February 1, 2011, February 2, 2011, February 4, 2011, and February 15, 2011.

22. On February 15, 2011, ER Solutions and plaintiff's counsel agreed to settle the disputed debt for $3,789.29 on an alleged balance of $9,473.18. ER Solutions promptly faxed plaintiff's counsel a confirming letter of settlement. In this letter, ERS indicated that this was "RE: US BANK." A copy of this February 15, 2011 letter is attached hereto as *Exhibit B*.

23. The settlement was to occur over a period of 6 months with the first payment in the amount of $2,080.00 due February 21, 2011, and the remaining five (5) payments due on or by the 28th of each successive month until paid in full.

24. Plaintiff's counsel set up payments to be issued to "ER Solutions" to be paid out of plaintiff's trust account pursuant to the agreed upon schedule. Said checks were issued monthly and delivered overnight mail to ER Solutions.

25. Each of the six (6) payments was timely issued, processed, and sent to ER Solutions, Inc. Each of the checks was endorsed and cashed by ER Solutions, Inc. The endorsement for the April and July payments was as follows: "*Pay To The Order of US Bank, For Deposit Only, ER Solutions, Inc., Trust Account.*" True and correct copies of the front and reverse sides of these checks (with account numbers redacted) are attached hereto as *Exhibit C*.

26. Based on the February 15, 2011 agreement and the timely processing and remittance of payments, plaintiff's disputed account should have been resolved.

27. On January 25, 2012, plaintiff received a letter from defendant CFS II which referenced the original creditor as "ELAN" and the same credit card number as the US BANK account already settled. In that letter, CFS II states the following: "Our records indicate that you are obligated on the account that is currently in default ..." CFS II was trying to collect on the same debt that plaintiff had previously resolved through ER Solutions, Inc. for US Bank. A true and correct copy of that letter is attached hereto as *Exhibit D*.

28. Plaintiff alleges that all defendants were acting though each other as agents of each and every other.

29. Plaintiff alleges that all defendants acted with fraud and malice in promising to settle plaintiff's disputed account in exchange for payment of $3,789.29 over 6 months, knew of the

agreement between the parties, breached the agreement, knowingly breached the agreement, and attempted to collect on the entire amount remaining on the account in violation of the RFDCPA and FDCPA.

30. Defendants rarely, if ever, are sued over such conduct, since very few debtors are aware that their rights are being violated, finance and the sale of receivables is highly complex and specialized, and/or very few attorneys are willing to take on such cases. As such, defendants are highly motivated to continue their harassing and fraudulent conduct since any claims paid out as a result of such wrongful conduct are minuscule when compared to the overall profits generated from such illegal acts.

31. As a direct and proximate cause of defendants' conduct as alleged herein, plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

32. JEFF DIGBY incurred out of pocket monetary damages when attorney fees and costs were paid to their attorneys for services provided to resolve disputed debt and to protect plaintiff under the RFDCPA and FDCPA, which ultimately failed.

33. Plainiff incurred additional incidental actual damages including but not limited to transportation and gasoline costs to the law firm, telephone call charges, postage, and other damages. Plaintiff continues to incur attorney fees and costs in filing this suit and bringing the matter to trial.

34. Each of defendan's harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages under California Civil Code section 3294.

VI.

**FIRST CAUSE OF ACTION FOR**

**FRAUD AND DECEIT**

**(As Against US Bank, ELAN, and ERS)**

35. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth

7

COMPLAINT

fully herein.

36. On February 15, 2011, defendant ERS represented that US Bank and ELAN would settle the disputed debt in the alleged amount of $9,473.18 for 6 payments totaling $3,789.23.

37. Plaintiff alleges that for all relevant times herein, ER Solutions was acting as agent for US BANK and ELAN and that US BANK and ELAN authorized and ratified all actions made by ER Solutions including the subject settlement agreement that is the subject of this herein lawsuit.

38. Plaintiff alleges that these representations were false, that defendants made such representations solely for the purpose of inducing plaintiff into making payments on a disputed debt.

39. Plaintiff alleges that Defendants' representations were false and Defendants and/or their agents, servants, employees or representatives, knew they were false when they were made, or they were made recklessly without regard for the truth.

40. Plaintiff is informed and believes that defendants intended for plaintiff to rely on their representations in order to secure plaintiff's payment on a debt he previously disputed, knowing full well they were not going to honor the agreement and in fact intended to and did in fact try to collect on the entire balance notwithstanding the specific terms of the settlement.

41. Plaintiff's reliance on defendants' representations were a substantial factor in causing him harm since he fulfilled all of his obligations under the agreement, including payment of $3,789.29 over 6 months, yet received notice of default from CFS II anyway.   Plaintiff has suffered harm resulting from defendants' false representations to the extent that he  was injured to the extent as herein alleged.

### VII.

### SECOND CAUSE OF ACTION FOR

### FALSE PROMISE

#### (As Against US Bank, ELAN, and ERS)

42. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

43. On February 15, 2011, defendant ERS and co-defendants US Bank and ELAN, through

COMPLAINT

ERS, promised plaintiff that he could resolve his disputed account as settlement in full in consideration for 6 payments totaling $3,789.23.

44. Defendants' promise was important to the transaction between plaintiff and defendant.

45. Plaintiff is informed and believes and on that basis alleges that defendant did not intend to accept the payments as settlement in full at the time they made the promise, or ever intended to complete accept $3,789.29 as payment in full.

46. Plaintiff is informed and believes defendants intended for him to rely on this promise, and plaintiff reasonably did so to his detriment.

47. Defendant did not accept the payments as settlement in full and, in fact, labeled the account as in default after these payments were made, then retained, employed, or engaged co-defendant CFS II to collect on the entire amount less payments made, causing plaintiff to incur damages and harm complained of herein.

## VIII.

### THIRD CAUSE OF ACTION FOR

### NEGLIGENT MISREPRESENTATION

### (As Against US BANK, ELAN, and ERS)

48. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

49. Plaintiff alleges that defendants informed him on February 11, 2011 that he could resolve the alleged dispute with them by paying $3,789.29 over 6 months.  Plaintiff further alleges that said representations were made with reckless disregard to the truth or falsity thereof.

50. Plaintiff alleges that defendants' representations were false and defendant and/or his agents, servants, employees or representatives, had no reasonable grounds for believing that said representations were true.

51. Plaintiff alleges that defendants intended that plaintiff rely on these representations and that she in fact did rely on said representations.

52. As a direct and proximate result of defendants' fraud and deceit, Plaintiff Jeff Digby was

injured.

53. Plaintiff has suffered harm resulting from defendants' conduct as heretofore alleged.

54. Plaintiff alleges that his reliance on defendants' representations was a substantial factor in causing her harm.

55. Plaintiff further alleges that such actions by Defendants were willful, reckless, malicious, oppressive, and made these representations with wanton disregard for the safety and welfare of plaintiff or her child.  As such, Plaintiff is entitled to recover and prays for punitive damages.

56. Plaintiff has suffered harm resulting from defendants' false representations to the extent that he has been caused to suffer mental anguish, humiliation, anxiety, and stress and he will continue to endure the same in the future.

## IX.

## FOURTH CAUSE OF ACTION FOR

## BREACH OF CONTRACT

### (As Against US Bank, ELAN, and ERS)

57. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

58. Plaintiff entered into a written contract with defendants on February 15, 2011 in which defendants agreed to accept $3,789.29 as payment in full on a disputed debt.

59. Plaintiff has performed all conditions, covenants, promises and obligations required to be performed on his part, except those which have been excused, waived or prevented by defendants.

60. Defendant materially breached contract by failing to accept payments as settlement in full after plaintiff provided all payments timely and pursuant to the agreement.

61. As a foreseeable consequence and a direct and proximate result of said breach, plaintiff has incurred damages in an amount to be proven at trial, including, but not limited to, penalties, interest, and related damages.

/ / /

/ / /

## X.

### FIFTH CAUSE OF ACTION FOR

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (As Against US BANK, ELAN, and CFS II)

62. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

63. Plaintiff entered into a contract for payment of a disputed amount of a debt allegedly owed to defendants.  The terms of the contract called for plaintiff to make six equal installment payments totaling $3,789.29.  Upon completion of the last payment, it was agreed that plaintiff's account would be settled in full.

64. On January 25, 2012, six (6) months after plaintiff's last payment was made to ERS for US BANK, plaintiff received a letter from CFS II stating the account was in default and trying to collect on the paid debt.

65. Plaintiff has dealt with defendants for all times herein mentioned with good faith and fair dealing.

66. Defendants' refusal to honor their agreement as to plaintiff's account as settled in full, following all timely payments according to that agreement, in evidence of plaintiff's good faith in honoring the terms of the contract, violates the covenant of good faith and fair dealing inherent in all contracts.

67. Defendants' violation of the covenant of good faith and fair dealing has caused plaintiff to suffer damages according to proof to be determined at the time of trial.

## XI.

### SIXTH CAUSE OF ACTION FOR

### VIOLATION OF *CALIFORNIA CIVIL CODE* § 1788.17

### (As Against US BANK, ELAN, and CFS II)

68. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

69. The *Fair Debt Collections Practices Act* 15 USC § 1692e(1)-(2) provides in pertinent part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of--

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.."

70. 15 USC § 1692e(11) makes it illegal to: "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

71. Defendants US BANK, ELAN, and CFS II violated 15 USC § 1692e(11) since they knew there was an agreement for resolution of a disputed debt, that plaintiff had fully complied and completed his duties, and that they could not legally attempt to collect on a debt that no longer existed..

72. *California Civil Code Section* § 1788.17 requires that defendant comply with the provisions of 15 USC § 1692e.

73. The foregoing acts by defendant were intentional, willful and knowing violations of the Title 1.6C of the *California Civil Code* (FRDCPA), are violations under *California Civil Code* Section § 1788.30(b), and triggering $1000.00 in penalties.

74. *California Civil Code Section* § 1788.17 provides the defendant is subject to the remedies of 15 USC § 1692(k) for failing to comply with the provisions of 15 USC § 1692e.

75. Plaintiff has suffered harm resulting from defendants' actions, as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, out-of-pocket expenses, and consequential damages as a result of irreparable damage to plaintiff's credit report in an amount to

be proven at trial.

76. Plaintiff further alleges that the aforesaid conduct was malicious and oppressive as those terms are defined by *California Civil Code* sections 3294(c)(1) and 3294(c)(2), entitling plaintiff to punitive damages

## XII.

### SEVENTH CAUSE OF ACTION FOR

### VIOLATION OF *CALIFORNIA CIVIL CODE* § 1788.17

### (As Against ERS)

77. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

78. The *Fair Debt Collections Practices Act* 15 USC § 1692e(1)-(2) provides in pertinent part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …

(2) The false representation of--

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.."

79. 15 USC § 1692e(11) makes it illegal to: "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

80. Defendant ERS violated 15 USC § 1692e(11) by representing to plaintiff on February 15, 2011 that they were authorized to negotiate and settle a debt on behalf of US BANK and ELAN and that any settlement agreement between plaintiff and ERS on behalf of US BANK and ELAN would be accepted and plaintiff would resolve the disputed debt. Said representations were false and plaintiff alleges defendant ERS knew they were false at the time they were made.

81. *California Civil Code Section* § 1788.17 requires that defendant comply with the

provisions of 15 USC § 1692e.

82. The foregoing acts by defendant ERS were intentional, willful and knowing violations of the Title1.6C of the *California Civil Code* (FRDCPA), are violations under *California Civil Code* Section § 1788.30(b), and triggering $1000.00 in penalties.

83. *California Civil Code Section §* 1788.17 provides the defendant is subject to the remedies of 15 USC § 1692(k) for failing to comply with the provisions of 15 USC § 1692e.

84. Plaintiff has suffered harm resulting from defendants' actions, as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, out-of-pocket expenses, and consequential damages as a result of irreparable damage to plaintiff's credit report in an amount to be proven at trial.

85. Plaintiff further alleges that the aforesaid conduct was malicious and oppressive as those terms are defined by *California Civil Code* sections 3294(c)(1) and 3294(c)(2), entitling plaintiff to punitive damages

XIII.

**EIGHTH CAUSE OF ACTION FOR**

**DECLARATORY RELIEF**

**(As Against All Defendants)**

86. Plaintiff refers to and incorporates herein by reference as though fully set forth below its allegations contained in the above paragraphs.

87. Plaintiff has fully complied with all of the terms of the contract, promptly and timely tendering 6 payments totaling the settlement amount of $3,789.29.

88. Plaintiff alleges there is no other adequate remedy at law to settle the dispute between plaintiff and defendants and requests the Court issue a judicial declaration that plaintiff has fully complied with the terms of the agreement with defendants and that the account is paid in full.

89. Plaintiff alleges that he has been damaged in an amount in excess of the compromised amount of the contract, and could potentially be damaged in the total amount of the debt allegedly owed to defendants herein.

## XIV.

### NINTH CAUSE OF ACTION FOR

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (As Against All Defendants)

90. Plaintiff refers to and incorporates herein by reference as though fully set forth below its allegations contained in the above paragraphs.

91. Plaintiff alleges defendants' conduct as heretofore described was extreme and outrageous.

92. Plaintiff is informed and believes and on that basis alleges defendants' conduct as heretofore described was intentional, exceeding all bounds tolerated by a decent society and calculated to cause, intending to cause, and in fact causing plaintiff to suffer severe emotional distress.

93. Plaintiff further alleges that defendants' conduct in fact caused plaintiff severe emotional distress in that she has struggled with bouts of severe depression requiring them to seek professional treatment. Plaintiff further alleges that the aforesaid conduct was a substantial factor in causing plaintiff's harm whereas they suffered harm as a result.

94. Plaintiff has suffered harm resulting from defendants actions, as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses to be proven at trial.

95. Plaintiff further alleges that the aforesaid conduct was malicious and oppressive as those terms are defined by *California Civil Code* sections 3294(c)(1) and 3294(c)(2), entitling plaintiff to punitive damages.

## XV.

### PRAYER FOR

### DAMAGES AND OTHER REMEDIES

WHEREFORE, Plaintiff prays for judgment against defendants and relief as follows:

1. For compensatory damages;

2. For statutory damages;

3. For Declaratory Relief declaring that plaintiff's debt with defendant US BANK and any

and all other parties, including each and every other co-defendant in this action, is paid in full and as agreed.

2. For an amount necessary to prevent the unjust enrichment of defendants, to the extent that such amount is not included in any actual damages awarded;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred;

6. For exemplary damages;

7. For other and further relief as the court may deem proper.

Dated:     February 1, 2012                    LAW OFFICES OF DONALD A. GREEN, APLC


By:_____
DONALD A. GREEN
Attorney for Plaintiff,
JEFF DIGBY

# EXHIBIT A



ATERSO01
PO Box 1022
Wixom MI 46393-1022
CHANGE SERVICE REQUESTED



ER Solutions, Inc. 10750 Hammerly Blvd # 200
Houston, TX 77043
Mon-Fri 8AM-5PM

G-19462107-G1     426623619

||l|l|l|l|l|ll|l|ll|ll|llll|ll|ll|l|ll|ll|l|lll|ll|l|l
Jeff Digby

Date: 11/04/2010
Creditor: Elan
Client Account #: ████████1503
ERS Account #:  G-19462107

| | |
|---|---|
| Principal: | $9,406.66 |
| Interest: | $ 11.09 |
| Total Balance: | $9,417.75 |
| Interest Rate: | 10.000% |

Dear Jeff Digby:

This notice is being sent to you by a collection agency. The records of Elan show that your balance of $9,417.75 is due in full. Please contact this office so we can help you resolve your account.

If you have any questions about this account please contact Ben Hamilton toll free at 866-292-7937.

Sincerely,

Ben Hamilton, 866-292-7937

Debt Collector

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

222ATERS001G1D

Please detach the bottom portion of this letter and return it with your payment in the enclosed envelope.

Date: 11/04/2010
Creditor: Elan
Client Account #: ████████1503
ERS Account #: 

Total Balance: $9,417.75
Amount Enclosed: US _____

1297 00
12.        B:
           DPD
           OPr:

Email our office or you may pay your bill online with a credit card or checking account at www.erspay.com. Your Temporary Identification number is 1.19462107.509

G-19462107-G1
E R Solutions, Inc.
PO Box 9004
Renton  WA 98057-9004

|l|l|l|l|ll|ll|l|ll|l|ll|ll|l|l|ll|lll|l|ll|ll|ll|l|ll

0200194621070000741775000000000

# EXHIBIT B